[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15618
Non-Argument Calendar

_____

D.C. Docket No. 9:14-cv-80361-JIC

KARLYLE ALVINO,

Plaintiff-Appellant,

versus

EQUINOX HOLDINGS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 14, 2015)

Before HULL, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Karlyle Alvino appeals the district court's grant of summary judgment in

favor of her former employer, Equinox Holdings, Inc. ("Equinox"), in her action

alleging gender discrimination in violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01 et seq. ("FCRA"), and unpaid overtime in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA").

Alvino was employed as a personal trainer and group fitness instructor at Equinox South Beach, a health and fitness club in Miami Beach, Florida. With respect to her FCRA claim, Alvino claimed that Equinox created a hostile work environment because she was subjected to inappropriate comments by some male club members and encouraged by her supervisors to dress provocatively to help sell personal training sessions. As to her FLSA claim, Alvino contended that Equinox's timekeeping procedures did not accurately track all of the time she worked, and that, specifically, she was not compensated for off-the-clock time she spent trying to generate personal training clients.

In granting summary judgment, the district court concluded: (1) that the alleged sexual harassment was not sufficiently severe or pervasive to alter the conditions of Alvino's employment; (2) that Alvino had not shown that Equinox failed to pay her for her compensable time; and (3) that Alvino was not entitled to be paid for the off-the-clock time she chose to spend at the club.

After careful review of the record and the parties' briefs, we affirm.[1]  With respect to Alvino's sexual harassment claim, for the reasons stated in the district court's November 17, 2014 order, we agree that Alvino's evidence failed to show that the harassment she allegedly experienced was objectively severe or pervasive enough to constitute a hostile work environment.  See Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999).

Further, on appeal Alvino relies primarily upon her post-deposition declaration and its exhibits to show that Equinox displayed inside the club images from its national advertising campaign that depicted women as sexual objects and used a business model that sold a sexual fantasy, rather than fitness, to older men. The district court, however, did not consider this evidence, finding that some of Alvino's statements in her declaration conflicted with her prior deposition testimony.  Alvino does not challenge this evidentiary ruling on appeal.  In any event, even considering this evidence, Alvino did not establish objectively severe or pervasive sexual harassment.

We also affirm the district court's entry of summary judgment on Alvino's FLSA claim, which warrants brief discussion.  An employee bringing a claim of

---

[1]This Court reviews de novo a district court's grant of summary judgment, viewing the evidence and drawing all reasonable inferences in the light most favorable to the non-moving party.  Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

unpaid overtime work must establish that: (1) she worked unpaid overtime; and (2) her employer knew or should have known about the unpaid overtime.  Bailey v. TitleMax of Ga., Inc.,776 F.3d 797, 801 (11th Cir. 2015).

Alvinon was "on the clock" and paid when she was giving personal training sessions, conducting group classes, or working a scheduled floor shift.  However, Alvino testified that most days she arrived at the club when it opened and remained there between 11 and 18 hours each day, even when she was not "on the clock" during those hours, because she was trying to generate a base of personal training clients among the club's members.  According to Alvino, she spent her off-the-clock hours at the club "being there, face time, walking around, meeting people, talking to people, offering free training sessions."

Even assuming arguendo that Alvino presented sufficient evidence of the first element—that her off-the-clock activity at the club was "work" within the meaning of the FLSA for which she was not paid—she nonetheless failed to present sufficient evidence of the second element—that Equinox knew or should have known that whenenever Alvino was at the club, she was working overtime without pay.

It is undisputed that personal trainers were expected to use their scheduled floor shifts to market their skills to clients, as well as perform other work such as handing out towels, picking up equipment, mingling with club members and

4

assisting them with their exercises.  To that end, new trainers were typically scheduled floor shifts several days per week.  Trainers also were assigned to conduct complimentary 60-minute Equifit sessions for new club members.  For personal training sessions, however, trainers set their own schedules with their clients, and supervisors were not necessarily aware of when a trainer had scheduled a session.  In addition, trainers, including Alvino, were given free gym memberships and encouraged to exercise at Equinox when they were not working, and Equinox's trainers spent a lot of time working out.

Alvino did not testify that she was instructed to work "off the clock." Rather, Alvino believed she was expected to be at the club all day because a supervisor once told her that two top trainers at Equinox had "lived at the club when they first started."  The supervisor admitted making this comment while trying to encourage Alvino, but explained that he was referring to the trainers' "passion for fitness," and meant that "they spen[t] a lot of time working out."

Alvino also did not testify that her supervisors knew that she was working "off the clock."  Instead, Alvino said that "any manager" who was at the club would have seen her there and that she "would hope" that her supervisors knew given "how hard [she] was trying, and how much time [she] was pulling in."  In other words, Alvino's argument is that her managers should have inferred that she

5

was working off the clock because she was present at the club for such long periods of time.

Alvino's own testimony, however, suggests it would not have been readily apparent to Equinox's supervisors that Alvino continued to market herself to clients outside her scheduled floor shifts and Equifit sessions. Alvino taught two group classes each week in addition to her personal training sessions, Equifit sessions, and scheduled floor shifts. Alvino also had friends who worked in Equinox's front desk, shop and juice bar, and her supervisors often saw her socializing with them, rather than on the floor. Alvino came and went from the club during the day to, for example, work other jobs (including teaching a one-hour boxing class at another gym and waiting tables), run on the beach, or walk her dog. Further, while floor shifts were scheduled, they could be rearranged to accommodate trainers' other work schedules, and Alvino liked to pick up as many of the other trainers' floor shifts as she could, so she could get paid while she was at the club.

Given that personal trainers such as Alvino lacked fixed schedules outside of floor shifts and were frequently present for purposes other than floor shifts, Alvino did not show that her lengthy presence at the club would have been conspicuous or would have suggested to her supervisors that she was trying to generate clients off the clock. Without more, a reasonable jury could not conclude that Equinox knew

6

or should have known Alvino was working off the clock.  Accordingly, the record

here demonstrates that the district court did not err in granting summary judgment

on Alvino's FLSA claim.

**AFFIRMED.**